UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
ROBERT E. DAVIS,

                Plaintiff,

                MEMORANDUM AND ORDER
      -against-         11-CV-1259 (JS)(ARL)

MICHAEL J. SPOSATO; JAMES L.
CAPENZIELLO, ESQ.; DR. BENJAMIN
OKONTA; DR. KANTH; HON. KATHLEEN M.
RICE; P.A. WANDA EVELLYN;
CAPTAIN FORD,

                Defendants.
------------------------------------x
APPEARANCES:
Plaintiff:    Robert E. Davis, pro se
              152 Miller Avenue
              Amityville, NY 11701

Defendants:   No Appearance.

SEYBERT, District Judge:

       Plaintiff Robert E. Davis, currently incarcerated at Nassau County Correctional Center, brings this pro se action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, Plaintiff's claims against Nassau County Acting Sheriff Michael J. Sposato, Vice President of Correctional Health Services James L. Capenziello and Nassau County District Attorney Kathleen M. Rice are dismissed. Plaintiff's remaining claims shall proceed.

I. Background

       Plaintiff, who is paralyzed and in a wheelchair, states that he was arrested on June 29, 2010. Compl. at 5. Plaintiff alleges that after his arrest, he "did not ha[ve] my stool bag

changed for over 24 hours. I was getting sick from the feces over flowing in my bag. . . . I had a lot of trouble getting my pain meds and my bags for my stool." Id. Plaintiff also states that he has been given "the wrong medications on numerous times." Compl. at 8. Plaintiff further alleges that he has been improperly and abusively transferred to and from court on numerous occasions, which has caused him pain and suffering. Compl. at 6. Plaintiff also states that he does not have proper handicap access to showers and recreational areas and that his cell in the medical clinic is extremely cold. Compl. at 5-7. Plaintiff seeks $10 million in damages. Compl. at 9.

II. <u>Standard of Review</u>

In reviewing Plaintiff's Complaint, the Court is mindful that because Plaintiff is proceeding <u>pro se</u>, his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980) (citations omitted); <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>McEachin v. McGuinnis</u>, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint <u>sua sponte</u> if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be

2

granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A (b).

III. Discussion

Plaintiff's claims against Nassau County Acting Sheriff Michael J. Sposato, Vice President of Correctional Health Services James L. Capenziello and Nassau County District Attorney Kathleen M. Rice must be dismissed. Plaintiff states that he brings claims against Sposato "because everything that goes on at the NCCC is ultimately his responsibility in his office as Sheriff." Compl. at 7. Plaintiff alleges that Capenziello "is in the complaint because as the head of all NCCC medical care relating to the staffing and of doctors, P.A.'s, N.P's, RN's, LPN"s, MT and everyone else who comes to work in the medical dept, he is responsible for any and all medical issues and problems at NCCC." Compl. at 7-8. Plaintiff claims that Rice, "as the head law [enforcement] officer in Nassau County is responsible to make sure all County, State and Federal laws, rules & regulations are not broken." However, liability under § 1983 cannot be generally imposed on a supervisor, such as Michael J. Sposato, James L. Capenziello and Kathleen M. Rice, solely based on their positions because there is no respondeat superior or vicarious liability under § 1983. In Ashcroft v. Iqbal, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to Bivens and 1983 suits, the plaintiff . . . must plead that each Government-official defendant, through the official's own individual actions, has violated the

3

Constitution." 129 S. Ct. 1938, 1940 (2009). Here, Plaintiff fails to allege facts to support a claim that the actions of Michael J. Sposato, James L. Capenziello or Kathleen M. Rice violated Plaintiff's civil rights to make them liable under § 1983.

IV. Conclusion

Accordingly, Plaintiff's claims against Michael J. Sposato, James L. Capenziello, and Kathleen M. Rice are dismissed pursuant to 28 U.S.C. § 1915A (b) for failure to state a claim upon which relief may be granted. No summonses shall issue as to these defendants.

Plaintiff's remaining claims against Dr. Benjamin Okonta, Dr. Kanth, P.A. Wanda Evellyn, and Captain Ford shall proceed. The United States Marshals Service is directed to serve the Summonses, Complaint, and this Order upon the remaining Defendants without prepayment of fees. A courtesy copy of this Order shall be mailed to the Nassau County Attorney. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

                                              SO ORDERED.

                                         /s/ JOANNA SEYBERT
                                         Joanna Seybert, U.S.D.J.

Dated:     July   12  , 2011
           Central Islip, New York

4